IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SABINA SCHLOTZHAUER,<br>Petitioner,<br><br>v.<br><br>JOE KEFFER, Warden,<br>FMC-Carswell,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:11-CV-012-Y |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. Nature of the Case

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. Parties

Petitioner Sabina Schlotzhauer, Reg. No. 68351-065, is a federal prisoner currently confined in the Carswell Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is the Warden of FMC-Carswell.

## C. Procedural History

Petitioner, a 54-year-old inmate, is serving a 120-month term of imprisonment for her 2008 marijuana-related convictions in the United States District Court for the District of Oregon. (Resp't App., Ex. A). Petitioner asserts that she suffers from life threatening medical problems. (Pet. at 1-6) Her projected release date is February 27, 2026. (*Id.* at 4) By way of this petition, she seeks (1) immediate cardiothoracic surgery, (2) early release for health and age reasons under 18 U.S.C. § 3582, and (3) immediate release due to a miscarriage of justice (malicious prosecution and due process violations). (Pet. at 3-6)

## D. Legal Discussion

### 1. Jurisdiction

Respondent has filed a motion for summary judgment as to petitioner's grounds (1) and (3) on the basis that the claims are not properly raised in a habeas petition under § 2241 and fail to state a claim upon which habeas relief may be granted.

Petitioner's first claim regarding the delay of medical treatment and her need for immediate cardiothoracic surgery does not go "to the manner in which her sentence is being executed." Instead, the claim involves the conditions of her confinement, which is properly brought in a civil rights complaint under 42 U.S.C. § 1983. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Thus, the court has no habeas jurisdiction to consider the claim.

Similarly, petitioner's third claim regarding alleged malicious prosecution and due process violations is properly brought in a § 2255 motion in the convicting court. A petition for writ of habeas corpus pursuant to § 2241 is not a substitute for a motion under § 2255. *Pack v. Yusuff,*

2

218F.3d 448, 452 (5th Cir. 2000). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d 893, 904 (5th Cir. 2001). The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.); *Pack*, 218 F.3d at 452.

Petitioner filed a § 2255 motion in the convicting court on October 28, 2010, which remains pending at this time. *See United States v. Schlotzhauer*, PACER, U.S. Party/Case Index, Criminal Docket for # 1:06-CR-30044-PA-2. Petitioner was not foreclosed from raising this claim in her § 2255 motion. Thus, the court has no habeas jurisdiction to consider the claim.

## 2. *Compassionate Release*

Respondent has filed a motion to dismiss petitioner's ground (2) for a compassionate release/reduction of sentence under 18 U.S.C. § 3582 without prejudice on exhaustion grounds. (Resp't MTD at 1, 13) The Bureau of Prisons (BOP) has made available a compassionate release request for inmates who are "terminal within one year or who suffer from severely debilitating and irreversible conditions that render them unable to provide self-care." *Williams v. Van Buren*, 117 Fed. Appx. 985, 986, 2004 WL 2943627, at *1 (5th Cir. Dec. 20, 2004). In this case, petitioner has not shown that she has pursued a request for early release *via* the BOP's compassionate release

3

procedures, and the BOP has not filed a motion on her behalf. 18 U.S.C. § 3582(c)(1)(A). Nor has petitioner demonstrated that she has a medical condition which will result in her death within one year or that she suffers a debilitating and irreversible condition which renders her helpless.[1] Thus, the court has no authority to release her from prison under § 3582.

Furthermore, a § 2241 petition may be granted only if the inmate "is in custody in violation of the Constitution or laws or treaties of the United States." In the absence of such violation, a compassionate release is not a matter of illegal or unconstitutional restraint. *See Figueroa v. Chapman,* No. 08-11117, 2009 WL 2998697, at *1 (5th Cir. Sep. 21, 2009). Petitioner does not allege a constitutional violation. Instead, she urges her release is necessitated because the BOP cannot or will not accommodate her medical needs for immediate heart surgery. Thus, the court cannot grant her relief pursuant to § 2241.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommenced that respondent's motion for summary judgment be granted as to grounds (1) and (3) for lack of jurisdiction and that respondent's motion to dismiss be granted to the extent ground (2) is denied.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[1] The record reflects the results of petitioner's medical testing were being considered by a cardiologist and thoracic surgeon as of February 18, 2011, to determine if surgery is needed, and, if so, it will be expedited. (Resp't App., Ex. B)

4

specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 1, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 1, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED May __11__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE